**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BERNARD WEBB and
JUDY WEBB,

Plaintiffs,

v. CIVIL ACTION NO. 3:18-1495

SARAH C. ELLIS,
TYLER CARPENTER, and
STEPTOE & JOHNSON, PLLC,

Defendants.

**TEMPORARY RESTRAINING ORDER**

On Thursday, December 6, 2018, Plaintiffs Bernard and Judy Webb filed a Verified Complaint for Declaratory and Injunctive Relief against Defendants Sarah C. Ellis, Tyler Carpenter, and Steptoe & Johnson PLLC, who Plaintiffs claim are "fiduciary trustees appointed and acting pursuant to the terms of a Deed of Trust signed on September 13, 2016." *Compl.* at ¶8, ECF No. 1, at 2. The Court issued electronic summons for the Complaint on December 7, 2018. With the Verified Complaint, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction. ECF No. 4. Although the summons have not been returned as executed, Plaintiffs' counsel filed a Certificate of Service with the motion, certifying that copies of the Verified Complaint and motion were delivered to Defendants' office on the day it was filed.

Pursuant to Rule 65(b) of the Rules of Civil Procedure, a temporary restraining order may be issued "without written or oral notice to the adverse party . . . only if . . . specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss,

or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The Rule also requires "the movant's attorney [to] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). To obtain a temporary restraining order or preliminary injunction, the movants also must establish: (1) that they are "likely to succeed on the merits[;]" (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief[;]" (3) "that the balance of equities tips in [their] favor[;]" and (4) that a temporary restraining order "is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "[A]ll four requirements must be satisfied. *Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (citation omitted). If a temporary restraining order is granted, it "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (footnote omitted).

Here, the Court finds that Plaintiffs' counsel has certified that a copy of the Verified Complaint and the motion were delivered to Defendants. While it is difficult to determine the likelihood of success at this stage in the proceedings, the Court finds that Plaintiffs have met their burden in the Verified Complaint. Specifically, Plaintiffs allege that Defendants gave notice that they intend to sell Plaintiffs' house on December 12, 2018, under and pursuant to a September 13, 2016 Deed of Trust. However, Plaintiffs claim that the Deed of Trust was rescinded and legally void. As such, Plaintiffs' allegations raise a substantial question as to the legal validity of the Deed

of Trust and the power and authority of Defendants, as fiduciary trustees, to conduct the sale. The Court further finds that if the sale proceeds, Plaintiffs will face irreparable harm through the loss of their house. Additionally, the Court finds that, as these Defendants are alleged to be acting as fiduciary trustees and have no individual interest in the sale of the house, the balance of equities and maintaining the status quo favors granting a temporary injunction. Finally, the Court find that, as Plaintiffs have raised a substantial issue as to the enforcement of the Truth and Lending Act, 15 U.S.C. § 1635(a), the public interest is promoted by granting a temporary injunction to give the Court the opportunity to entertain arguments by the parties before the house is publicly sold.

Accordingly, upon review, the Court **GRANTS** Plaintiffs' motion for a temporary restraining order to maintain the status quo pending a hearing for a preliminary injunction. The Court hereby **ENJOINS** Defendants, any successors, officers, agents, servants, employees, and attorneys of the Defendants, and all others acting with or in active concert or participation with any Defendant or such person or entity, not to schedule or conduct any trustee sale until further Order of the Court.

The Court further **SCHEDULES** a preliminary injunction hearing for **Tuesday, December 18, 2018 at 10:30 a.m.** At such time, the Court will determine whether the temporary restraining order shall be dissolved or whether a preliminary injunction shall issue. Defendants shall have until **Thursday, December 13, 2018, at 12:00 p.m.** to file a Response to Plaintiffs' motion. Plaintiffs shall have until **Friday, December 14, 2018, at 12:00 p.m.** to file a Reply. The Court **DIRECTS** Plaintiffs' counsel to immediately notify Defendants of this Order and the hearing through appropriate means and file corresponding certificates of service with the Court.

Pursuant to Rule 65(b), this temporary restraining order shall expire at the conclusion of the preliminary injunction hearing unless otherwise extended by Order of this Court.

With respect to a bond, Rule 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c), in part. In determining whether the court should require a security, it must look to the potential harm to the enjoined party. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 424 n.3 (4th Cir. 1999). "[I]f there is an absence of proof showing a likelihood of harm, certainly no bond is necessary." *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir. 1964) (footnote omitted); *see Hoechst*, 174 F.3d at 424 n.3 (4th Cir. 1999). "In fixing the amount of an injunction bond, the district court should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order." *Hoeschst*, 174 F.3d at 424 n. 3 S.D. W. Va. July 26, 2017). In this case, the Court finds that a bond is unnecessary. Defendants are fiduciary trustees who will face little harm by cancelling the current sale. Additionally, Plaintiffs appear to have limited assets which are under the control of a Chapter 13 trustee in bankruptcy court. Therefore, the Court **WAIVES** the posting of a bond by Plaintiffs.

This Order shall take effect on this day at 4:00 p.m.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 10, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE